## Mellott v. Mellott

*Dwight C. Harvey,* for plaintiff.
*Gary D. Wilt,* for defendant.

KELLER, *P.J.,* August 11, 1988 — After separating in 1987, plaintiff Kathleen Y. Mellott sued defendant Orville W. Mellott for spousal support. An order awarding plaintiff $260 a month was entered on September 10, 1987 and was docketed no. 74 of 1987-DR.

The no-fault complaint in divorce filed by plaintiff on November 12, 1987 included a separate count of indignities, and requests for alimony, equitable distribution, alimony pendente lite, counsel fees and expenses. The complaint was served on defendant December 7, 1987.

Interrogatories were filed by plaintiff on December 23, 1987 requesting disclosure of all defendant's assets, liabilities and tax statements. Answers were filed by defendant on January 29, 1988.

Defendant filed an answer to plaintiff's complaint in divorce on March 3, 1988 together with a counterclaim for divorce under section 201(c) of the divorce code. Included with the counterclaim was a request for division of marital property. On the same day, defendant filed an affidavit of consent to plaintiff's original count for no-fault divorce.

Plaintiff did not file an affidavit of consent after the required 90 days from the filing of her complaint.[1]

On March 22, 1988, defendant filed a petition for a rule to show cause why plaintiff's complaint should not be dismissed for failure to advance the case to a final decree. The rule was issued returnable in 20 days. An answer was filed by plaintiff on April 8, 1988. Plaintiff's answer raised in new matter her present indigent status. Defendant responded to plaintiff's new matter on April 19, 1988.

On April 26, 1988, the Honorable John R. Walker signed an order permitting plaintiff to proceed in forma pauperis.

On May 31, 1988, defendant placed the matter on

---

1. February 10, 1988 would have constituted the 90-day requirement mandated by section 201(c) of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §101 et seq. At the time of oral argument on June 28, 1988, 229 days had elapsed from the filing of the plaintiff's complaint.

the argument list for the next argument court scheduled for 1:30 p.m. on June 28, 1988.

Local Civil Action Rule 39-211.7 states:

"The party to argue first shall serve a copy of his brief upon all other parties in the manner set forth in Pa.R.C.P. 233[2] to ensure receipt by the responding party in the tenth day preceding the date scheduled for argument. The responding party shall, in return, serve a copy of his brief upon the moving party in the manner set forth in Pa.R.C.P. 233 to ensure receipt by the moving party on the third day preceding the day scheduled for argument. At the time each party serves his brief, he shall furnish two copies thereof to the court administrator."

Defendant as the moving party was "the party to argue first." His brief was received by the court on June 13, 1988. Attached to the brief submitted by defendant was a copy of a letter sent to opposing counsel dated June 10, 1988 referring to defendant's enclosed brief. From that reference we can conclude that plaintiff's counsel received defendant's brief well in advance of the required due date.

Plaintiff did not serve her brief in compliance with local rule 39-211.7. Indeed, it was not received by the court until the noon recess on June 28, 1988. We understand that opposing counsel also received his copy of plaintiff's brief at or about the same time. Argument on the matter was scheduled for 1:45 p.m. that day.

Local Rule 39-211.8 provides various sanctions this court may impose for non-compliance of Local Rule 30-211.7. The court may upon request of a party:

---

2. Pa.R.C.P. 233 was rescinded June 20, 1985, effective January 1, 1986. Service of legal papers is now governed by Pa.R.C.P. 440 and 441.

(1) deny relief requested where the moving party has failed to comply;

(2) grant the requested relief where the responding party has failed to comply;

(3) permit oral argument; but only by complying party;

(4) grant such other relief or impose other sanctions as it shall deem proper.

Plaintiff's counsel was reprimanded for his flagrant disregard of the local rules of court. He was advised that his non-compliance constituted a disservice to opposing counsel by failing to provide plaintiff's position on this motion; to the court because the judges of this court routinely study briefs of counsel in advance of the argument date so that questions on points of law can be addressed and to his client since late briefs would not be considered.

The only explanation counsel gave the court was that he had left on vacation and did not return until approximately June 24, 1988. However, despite the planned absence of counsel, he had neither requested a continuance of the argument or for an extension of time for the filing and serving of his brief.[3]

The court heard defendant's oral argument. As provided for in Local Rule 39-211.8(1), defendant's counsel preliminarily requested the court to grant the relief prayed for by defendant. We advised counsel that we would take the request under advisement.

The fundamental issue is whether plaintiff must

---

3. Counsel also had two other arguments scheduled for June 28, 1988 argument court and he also failed to file timely briefs in those cases.

go forward and file her affidavit of consent or if not, suffer the consequences of a dismissal.

A similar factual scenario is found in the case of *Way v. Way*, 35 D.&C.3d 653 (1985). In *Way*, plaintiff filed a complaint seeking a divorce. Defendant filed an affidavit of consent approximately nine months after plaintiff's complaint. In the 14 months following the filing of her complaint, plaintiff did not file an affidavit of consent. Defendant sought to compel plaintiff to either "file an affidavit of consent or suffer a dismissal of the action of divorce." *Way*, 35 D.&C.3d at 653.

Although in *Way* a longer period of time had elapsed between the filing of the complaint and the defendant's motion than in the present case, we find the rationale of *Way* applicable to the case at bar. The court concluded that:

"Delay, especially in a divorce action, is in itself an evil which should not be tolerated by the courts. We have a responsibility to encourage the speedy resolution of court cases so that the status of the parties may be determined in an efficient manner." *Way*, 35 D.&C.3d at 654.

The court also observed:

"[T]hat when plaintiff alleges that a marriage is irretrievable broken, and when defendant files an affidavit of consent making the same allegation, all facts relevant to the divorce issue have been admitted. [S]imply because the court cannot force the plaintiff to execute an affidavit of consent does not mean that the plaintiff is somehow entitled to a decree of divorce exclusively on her terms." *Way*, 35 D.&C.3d at 654.

In the instant case, plaintiff has alleged that the marriage is irretrievable broken. This fact is corroborated by defendant by his affidavit of consent. As noted by the *Way* court, "all facts relevant to the

divorce issue have been admitted." Plaintiff must be prepared to proceed in a divorce action within the minimum time permitted under applicable statute and rule. *Rueckert v. Rueckert,* 20 D.&C.3d 197 (1981).

Plaintiff has failed to furnish us with any acceptable reason for not advancing this action to a final divorce decree. The primary justification alleged in her answer appears to be her indigency and presumably her desire for equitable distribution of marital assets. However, these issues can be resolved independently by bifurcating the case if that relief is found to be appropriate. This would permit the parties to resolve their financial concerns *and* have the divorce they both claim they want in a more expeditious manner.

Parenthetically we are constrained to observe plaintiff has been granted leave to proceed in forma pauperis. Consequently, there would seem to be no economic impediment to plaintiff moving for the appointment of a master to resolve the economic issues.

On the basis of the record before us, we conclude that plaintiff has afforded no justifiable reason for not advancing this matter. To condone such dilatory practice would be our failure to:

"properly exercise our responsibility to maintain the integrity of the court system and to make the law for the legal dissolution of marriage effective for dealing with the realities of matrimonial experiences." *Way,* 35 D.&C.3d at 655.

## ORDER OF COURT

Now, August 11, 1988, the rule of the petitioner, Orville W. Mellott is made absolute. The complaint of plaintiff, Kathleen W. Mellott will be dismissed

on proper motion unless plaintiff's affidavit of consent is filed within 30 days.